HOBSON, Acting Chief Judge.
The State of Florida filed a petition in the court below for a rule to show cause why appellants should not forfeit their aircraft under Section 943.43, Florida Statutes (1978), the Florida Uniform Contraband Transportation Act. The court found that the aircraft should be forfeited, and appellants appeal from that order.
In the findings and conclusions of the order of forfeiture, the trial judge made the following statement:
In sum, this Court specifically finds that the entry into the above described aircraft, the seizure of the same, and the seizure of the cannabis therein was justified on any or all of the following grounds: abandonment, plain-view, probable cause and exigent circumstances, and seizure of the aircraft for forfeiture, based upon the reasonable belief that the aircraft had been and was being used to facilitate the transport of contraband.
A careful review of the record in this case reveals that the totality of the evidence supports the court’s ruling.
We note that this ease arises from the same facts as Agnew et al. v. State, 376 So.2d 13 (Fla. 2d DCA 1979). In those consolidated cases the trial court denied the appellants’ motions to suppress evidence seized from the aircraft and stated in the final order:
It is thereupon specifically found as a fact that the aircraft searched and from which the contraband was seized was abandoned by the defendants prior to the search which they challenged.
We held that the facts could not sustain a theory of abandonment as the basis for the denial of appellants’ motions to suppress. We therefore reversed the judgments and sentences of three of the appellants and remanded the causes to the trial court to determine whether or not there was any basis other than abandonment sufficient to deny the motions to suppress.
In the instant case, the trial court considered all the evidence and concluded that, in addition to the theory of abandonment, there were several other reasons which would justify seizure of the aircraft. There was ample evidence available to support the court’s order. We therefore affirm.
BOARDMAN and DANAHY, JJ., concur.